## BROWN *v.* SPOFFORD.

1. Where, at the time of making and indorsing a promissory note, a written contract in relation thereto is entered into by the parties, parol testimony varying or contradicting its terms is not admissible.

2. The court reaffirms the doctrine that a *bona fide* purchaser for value before maturity of a negotiable instrument, is not, unless they are brought to his notice, affected by any equities between the original parties.

3. A party who seeks to avail himself of the conditions of a compromise binding him to the performance of certain acts, in order to discharge the original demand, must first show performance on his part.

4. The court condemns as irregular, proceedings whereby the defendant in two separate suits, in the former of which judgment had been rendered before the latter had gone to trial, was permitted to file bills of exception purporting to be applicable to each case, and, without consolidating them, remove them to this court by one writ of error.

ERROR to the Supreme Court of the District of Columbia.

This action was brought by Spofford & Clark, against Samuel P. Brown and Austin P. Brown, on five promissory notes, for $2,267.33 each, made by the defendants Jan. 8, 1872, by their firm name of S. P. Brown & Son, and payable to the order of Austin P. Brown in one, two, three, four, and five months after date. The declaration alleged that the notes were, on the date thereof, severally indorsed by the said Austin P. Brown, and came before maturity, in due and regular course of commercial dealing, and for a full, fair, and valuable consideration, into the possession and ownership of the plaintiffs, but were protested for non-payment, whereof due notice was given the indorser.

The defendants, in addition to the general issue, pleaded two special pleas; but as the matters therein set forth could have been offered under the general issue, they are omitted here.

On Aug. 2, 1872, the plaintiffs sued the defendants on another note of the same series as the preceding five, but which was payable in six months after date.

The same defence was made as in the former suit.

At the trial, the plaintiffs having proved the signatures and indorsements on the notes, and that the defendants composed the firm of S. P. Brown & Son, rested.

The defendants then introduced evidence tending to show that for several years before the making of the notes they had had large dealings with the Philadelphia Coal Company, and that a controversy arose as to the amount of their indebtedness to the company; that on the said 8th of January, 1872, the notes in suit were executed by them and delivered to Henry L. Cake, president of said company, who thereupon delivered to them a paper, of which the following is a copy:-

"WASHINGTON, D. C., Jan. 8, 1872.

"Received from S. P. Brown & Son the following notes, in full settlement of their indebtedness to the Philadelphia Coal Company:—

| One note dated Jan. 8, 1872, at one month | . . . | $2,267.33 |
|---|---|---|
| ,, ,, ,, ,, ,, two ,, | . . . | 2,267.33 |
| ,, ,, ,, ,, ,, three ,, | . . . | 2,267.33 |
| ,, ,, ,, ,, ,, four ,, | . . . | 2,267.33 |
| ,, ,, ,, ,, ,, five ,, | . . . | 2,267.33 |
| ,, ,, ,, ,, ,, six ,, | . . . | 2,267.33 |
| Amounting to . . . . . . . . . . | | $13,603.98 |

"And in settlement of these notes I have agreed, upon behalf of the Philadelphia Coal Company, to receive an order on Edwin Stewart, paymaster of the United States Navy, and accepted by him, for five thousand five hundred dollars ($5,500), with interest from date, said order to be liquidated as follows: $2,000 at three months from Dec. 20, 1871; $2,000 at four months from Dec. 20, 1871; and $1,500 at five months from Dec. 20, 1871,—the whole amount, with interest, from Dec. 20, 1871; also, Z. Jones's indorsement on four notes, as follows: S. P. Brown & Son's notes to order

of Z. Jones, dated Jan. 8, 1872, for $1,250, respectively at six, eight, ten, and twelve months, amounting to $5,000; this sum of ten thousand five hundred dollars ($10,500) being in effect a compromise of the said indebtedness of $13,603.96, to be conclusive upon the payments being made at the times stated.

"And I further stipulate on behalf of the Philadelphia Coal Company, that, upon payment of the $5,500, with interest, by the paymaster within the time stated, the first, second, and third notes given by S. P. Brown & Son for the sum of $2,267.33, amounting to $6,801.99, shall be returned to S. P. Brown & Son as settled; and, upon payment of the four notes at maturity indorsed by Z. Jones, the remaining three notes of S. P. Brown & Son, amounting to $6,801.99, shall be handed back to S. P. Brown & Son, being settled in full by the payment of said four notes indorsed by Z. Jones.      H. L. CAKE,

*President Philadelphia Coal Co.*

"Witness: A. B. WOLFE."

The defendants then offered testimony tending to prove that the company, when it transferred the notes sued on to the plaintiffs, who acted as its agents in selling coal on commission, and who also occasionally bought and sold on their own account, received as the sole consideration therefor the promissory notes of the latter for the same amount; that, at the time of said transfer, Cake assured the plaintiffs that they should incur no loss in respect to said transaction, but that he would indemnify and protect them; that, at the time of the execution of said agreement between the defendants and Cake, it was agreed that as the notes in suit should respectively mature they should be paid and taken up by the company. The court excluded this testimony, and the defendants excepted. They thereupon asked the court to charge, that if the jury believed that the plaintiffs came into possession of the notes sued on without paying an actual valuable consideration, or by paying only a nominal one, or under circumstances which would have put a prudent man on inquiry concerning any agreement between the defendants and the Philadelphia Coal Company with respect to said notes, then the jury must consider the plaintiffs to be bound by such agreement. That, under the agreement of Jan. 8. 1872, the Philadelphia Coal Company was bound, among other things, to take up and hold the two notes sued on

which first became due; and that if the jury found from the evidence that the company did not do so, but allowed them to go to protest, then the verdict should be for the defendants.

The court refused so to charge; but charged, that if the jury found from the evidence that the notes in suit were made by ue defendants in liquidation of an antecedent indebtedness due to the Philadelphia Coal Company, and were, before maturity, indorsed for a valuable consideration by it to the plaintiffs, then the plaintiffs are entitled to recover from the defendants the full amount of said notes, and that any agreement between the company and the defendants in relation to said notes would not affect the rights of the plaintiffs, unless they, before the purchase of said notes, had actual notice of said agreement; that if the plaintiffs had actual notice before said purchase that the company had made the agreement of compromise, and that said agreement was not carried out by the defendants in the manner agreed upon, then the plaintiffs might recover on the original notes, and that so far as that question was involved the plaintiffs were entitled to a verdict; that the agreement to receive $10,500 as a compromise in discharge of the notes could be made available to the defendants only by proving that the sums were paid as therein stipulated, or tendered by the defendants, or by one of them; that if the defendants had failed to show that the compromise was accepted by them by payment of the stipulated sums, their original indebtedness on the notes remained, and the plaintiffs were entitled to recover; that if the notes were indorsed and delivered to plaintiffs before maturity, and in the course of business, they were entitled to recover, and were not affected by any transactions between the original parties of which they had no notice when they received the paper.

The defendants excepted to the refusal of the court to charge as requested, and also to the charge as given.

There was a verdict in each case in favor of the plaintiffs; and the judgments thereon having been affirmed in general term, the defendants sued out this writ.

The assignment of errors is set forth in the opinion of the court.

*Mr. Nathaniel Wilson* for the plaintiffs in error.

*Mr. Joseph Casey, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Promissory notes payable to order may be transferred by indorsement, or when indorsed in blank or made payable to bearer they are transferable by mere delivery, and the possession of such an instrument indorsed in blank or made payable to bearer is *prima facie* evidence that the holder is the proper owner and lawful possessor of the same; and nothing short of fraud, not even gross negligence, if unattended with *mala fides*, is sufficient to overcome the effect of that evidence, or to invalidate the title of the holder, supported by that evidence. *Goodman* v. *Harvey*, 4 Ad. & E. 70; *Goodman* v. *Simonds*, 20 How. 343; *Collins* v. *Gilbert*, 94 U. S. 753; *Noxon* v. *De-Wolf*, 10 Gray (Mass.), 346; *Magee* v. *Badger*, 34 N. Y. 247.

Sufficient appears to show that the plaintiffs claim to recover of the defendants the amount of five promissory notes, set forth in the record, each dated Jan. 8, 1872, payable to the order of Austin P. Brown in one, two, three, four, and five months from date, amounting in the aggregate to the sum of $11,336.64. Due indorsement of the notes was made by the payee, and the plaintiffs also claim to recover the costs and fees of protest and notice to the makers for non-payment.

Service was made; and the defendants appeared and pleaded the general issue, and two special pleas, which are fully set forth in the record.

Issue was joined by the plaintiffs upon the first plea of the defendants; and to the second plea the plaintiffs replied, and denied the same in fact and in substance, and all and singular the matters therein set forth, and alleged in further reply that they became the holders of the notes in the regular course of mercantile dealings, for a full, fair, and valuable consideration, before the maturity of the notes and without any notice or knowledge of the matters set forth and alleged in the defendants' second plea. They also deny and traverse all the allegations and averments contained in the defendants' third plea.

Special pleas in such a case are unnecessary, as every such defence, where the action is assumpsit upon promissory notes, is admissible under the general issue.

Delay ensued, and at a subsequent term the parties went to trial, and the verdict and judgment were in favor of the

plaintiffs, in the sum of $11,300.47, with costs and interest. Exceptions were taken by the defendants, as appears by the record.

Six notes, it seems, were given by the defendants, all of the same date, one of which was not due when the suit was instituted to recover the amount of the first five. On the 2d of August, 1872, the plaintiffs sued the other note, which was signed and indorsed like the other five, and was for the sum of $2,267.32 for value received. Service was made, and the defendants appeared and filed three pleas, of the same legal effect as those filed in the preceding case. Replications were also filed by the plaintiffs, of the same legal import as those which they filed in the suit to enforce payment of the first five notes. Proper issues being joined, the parties went to trial; and the verdict and judgment were for the plaintiffs, in the sum of $2,269.85, with costs and interest, as therein provided.

Separate judgments were rendered in the two cases; but the defendants were allowed to file eight bills of exceptions to the rulings of the court in each of the cases, which were subsequently signed and sealed by the presiding judge, each of the bills of exceptions having respect to the trial in the respective suits as if the same had been previously consolidated and the verdicts had been rendered at the same time by the same jury. Both judgments were removed into this court by one writ of error.

Certain errors are assigned here as applicable to the judgment in each of the respective cases, in substance and effect as follows: 1. Evidence was offered by the defendants to prove the alleged agreement between them and the company, which was excluded by the court, and they assign for error that the court erred in excluding that evidence. 2. That the court erred in holding that the agreement between the company and the defendants offered in evidence would not affect the right of the plaintiffs to recover in the suits. 3. That the court erred in holding that if the plaintiffs received the notes before maturity, without notice of the alleged agreement, the defendants were liable in the action, even though the plaintiffs paid their own notes with money borrowed from the company, whose agents they were in the transaction. 4. That the court erred

in instructing the jury that if they find from the evidence that the plaintiffs did have notice of the alleged agreement between the company and the defendants, still they may recover in the actions if the jury further find that the defendants neglected and failed to comply with the terms of the agreement. 5. That the court erred in instructing the jury that the agreement to receive as a compromise in discharge of the notes a sum less than the amount of the same could only be made available as a defence, by proving that the sum agreed was paid or tendered by the defendants as therein stipulated.

Exceptions not assigned for error will not be separately examined. Two of the errors assigned, to wit, the first and the second, are so nearly alike that they may be examined together.

Negotiable notes are written instruments, and as such they cannot be contradicted, nor can their terms be varied by parol evidence; and that proposition is universally true where the promissory note is in the hands of an innocent holder. Where a bill of exchange was drawn in the usual form, and was protested for non-payment, the court held twenty years ago that parol evidence of an understanding between the drawer and the party in whose favor the bill was drawn was inadmissible to vary the terms of the instrument. *Brown* v. *Wiley*, 20 How. 442.

In that case, the defendant offered to prove to the jury, pursuant to the defence set up in a special plea, a parol agreement between him and the plaintiffs, that the bill should not be presented for acceptance until funds were furnished and placed in the hands of the drawees, to provide for a certain other draft, who had agreed to accept the second bill when funds were received to meet their liability for accepting the first bill; but the court below excluded the evidence, and the defendant excepted; and this court decided that the ruling was correct, and affirmed the judgment, holding that the evidence offered, that the bill should not be presented until a distant, uncertain, or undefined period, tended in a very material degree to alter and vary the operation and effect of the instrument. *Shankland* v. *Washington*, 5 Pet. 394; 1 Greenl. Evid. (12th ed.) 318; *Stackpole* v. *Arnold*, 11 Mass. 27; *Hunt* v. *Adams*, 7 id. 518; *Myrick* v. *Dame*, 9 Cush. (Mass.) 248; *Thompson* v. *Ketchum*, 8 Johns. 192.

Certain fixed principles govern the liability of parties to a bill of exchange or promissory note which are essential to the credit and circulation of such paper, of which the most important is that whatever may have occurred between other parties to the instrument, if not fraudulent in its inception, the holder of the same, if he acquired it for value in the usual course of business before maturity, cannot be affected by any such transactions, unless it be first shown that he had knowledge of such transactions at the time the transfer was made. Nothing less than knowledge of such transactions can meet the exigencies of such a defence, the rule being that the *bona fide* holder of a negotiable instrument for value, if acquired before maturity and without notice of any facts which impeach its validity between the antecedent parties, has a good title to the instrument, unaffected by any such prior transaction, and may recover the amount, even though the instrument, as between the antecedent parties, is without any legal validity. *Goodman* v. *Simonds*, 20 How. 343; *Swift* v. *Tyson*, 16 Pet. 1.

Attempt was made in a leading case to prove that the payee agreed with the indorser that if he would indorse the note he should incur no responsibility, as the payment was secured by collaterals, and when offered in the Circuit Court the evidence was admitted; but the court, when the case was brought here on writ of error, reversed the judgment, holding that the evidence should have been excluded. *Banks* v. *Dunn*, 6 Pet. 51.

Decided cases of the most authoritative character have determined that parol evidence of an oral agreement, alleged to have been made at the time of the drawing, making, or indorsement of a bill or note, cannot be admitted to vary, qualify, contradict, add to, or subtract from the absolute terms of a written contract. *Specht* v. *Howard et al.*, 16 Wall. 564.

In the absence of fraud, accident, or mistake the rule is the same in equity as at law, that parol evidence of an oral agreement alleged to have been made at the time of drawing, making, or indorsing a bill or note cannot be permitted to vary, qualify, or contradict, or to add to or subtract from, the absolute terms of the written contract. *Forsyth* v. *Kimball*, 91 U. S. 291.

Parol evidence of an agreement, made contemporaneously with a promissory note which contains an absolute promise to pay at a specified time, is not admissible in òrder to extend the time for payment, or to provide for the payment out of any particular fund, or in any other way than that specified in the instrument, or to make the payment depend upon condition. Chitty, Contr. (10th ed.) 99 ; *Abrey* v. *Crux*, Law Rep. 5 C. P. 41 ; *Allan* v. *Furbish*, 4 Gray, 514 ; 2 Pars. Bills and Notes, 501.

Apply these rules to the case before the court, and it is clear that the first and second assignments of error must be over-ruled, as it is clear that the evidence offered was inadmissible, and that the ruling of the court was correct.

Due execution of the notes is admitted, nor is it questioned that they were indorsed in blank, as set up by the plaintiffs. Beyond all doubt, the plaintiffs became the holders of the notes before maturity and for value ; but the defendants insist that the plaintiffs did not become the holders of the same in good faith, nor in the regular course of business ; and they requested the court to instruct the jury that if they believed that the plaintiffs came into the possession of the notes without paying value, or under circumstances which would have put a prudent man upon inquiry concerning the alleged agreement, then the jury must consider the plaintiffs bound by the agreement, and that their verdict should be for the defendants.

Three objections arise to that prayer for instruction, any one of which is sufficient to show that it was properly rejected : 1. Because the uncontradicted evidence showed that the plaintiffs did pay value for the notes.    2. Because the settled rule of law is that the plaintiffs, as the holders of the notes for value, and having acquired the same before maturity and in the usual course of business, or without notice of any prior equities, have a good title to the same irrespective of what may have transpired between the defendants and prior holders of the notes.    3. Because there is no evidence in the case that the plaintiffs had knowledge of any equities between the defend-ants and such prior parties, the settled commercial rule being that nothing less than prior knowledge of such facts and cir-cumstances as impeach the title can meet the exigencies of

such a defence, unless it be shown that the instrument or instruments were fraudulent in their inception.

Where the supposed defect or infirmity in the title of the instrument appears on the face at the time of the transfer, the question whether the party who took it had notice or not is in general a question of construction, and must be determined by the court as matter of law, as has been held by this court in several cases. *Andrews* v. *Pond*, 13 Pet. 65; *Fowler* v. *Brantly*, 14 id. 318. But it is a very different thing when it is proposed to impeach the title of a holder for value by proof of any facts and circumstances outside of the instrument itself. He is then to be affected, if at all, by what has occurred between other parties; and he may well claim an exemption from any consequences flowing from their acts, unless it be first shown that he had knowledge of such facts and circumstances at the time the transfer was made. *Goodman* v. *Simonds*, 20 How. 343; *Collins* v. *Gilbert*, 94 U. S. 753.

Tested by these authorities, it follows that the third assignment of error must be overruled.

Both the fourth and the fifth assignments of error have respect to the supposed compromise which it is alleged was proposed and adopted; and, inasmuch as they relate to the same state of facts, they will be examined together.

Parties may, doubtless, adjust their controversies; and, where they do so in good faith and understandingly, courts of justice will uphold the adjustment, unless it violates the rules of law applicable to the transaction. Suppose that is so, still it is clear the alleged compromise was never carried into effect. What was proposed is that the notes were to be delivered up upon the payment of a prescribed amount at the time and in the manner set forth in the agreement; but nothing was ever paid or tendered, nor was any thing ever done in fulfilment of the agreement. Instead of that, the evidence shows that the defendants never made any attempt to make the payments; and the court instructed the jury, that, if they found that the agreement of compromise was never carried out by the defendants, it constitutes no defence to the action; that such a compromise can only be made available to the defendants as a defence by proving that the sums agreed to be paid in discharge

were paid or tendered as stipulated. Formal exceptions were taken to those instructions, and they are the basis of the errors alleged in the fourth and fifth assignments.

Sufficient appears to show that the indebtedness of the defendants amounted to the sum of $13,603.96, and that the plaintiffs agreed to accept $10,000 as a compromise, "upon the payments being made at the times stated," from which it is evident that nothing short of the fulfilment of that agreement would discharge the original demand, and that such a compromise to be available must be performed. 2 Pars. Contr. (6th ed.) 685; 2 Story, Contr. (5th ed.) 537; Chitty, Contr. (10th ed.) 693.

Agreements unperformed cannot be pleaded as accord and satisfaction. *United States* v. *Clark*, Hempst. 317.

Where a creditor agreed to satisfy a judgment for a less sum than the amount recovered, if paid by a day-certain, and the debtor failed to make the payment, it was held that the creditor might enforce the judgment for the full amount. *Early* v. *Rogers*, 16 How. 599.

Performance of the agreement by the judgment debtor, it was held in that case, was a condition precedent to the proposed reduction of the judgment; and the court said, we think the district judge interpreted the agreement of the parties and the judgment correctly, as the parties made the reduction dependent on a condition which has not been fulfilled.

Where an arrangement was made for the discharge of certain notes, but the arrangement failed because one of the debtors disagreed to the terms of the composition, the court decided that the debt stood revived, and that judgment was properly rendered for the whole amount. *Clark et al.* v. *Brown*, 22 id. 270; Addison, Contr. (6th ed.) 996.

Two other exceptions were taken at the trial, in respect to which it is only necessary to say that they have not been assigned for error, and, if they had been, it would not have benefited the defendant, as the questions presented fall within the rules already sufficiently explained.

Nothing remains for remark except to advert very briefly to certain irregularities which appear in the proceedings. Judgment was rendered in the first suit before the parties went to

trial in the second, and yet the defendants were allowed to file eight bills of exceptions, which purport to be applicable to each of the two cases; and the judgment in each case is removed here by one writ of error, though the transcript does not show that the two cases were ever consolidated. Such proceedings are palpably irregular; but inasmuch as they are not the subject of objection by either party, the court has decided to exercise jurisdiction and dispose of the controversy. Separate judgments having been entered in the court of original jurisdiction, the judgment rendered here must be separately applied in the court below.                    *Judgment affirmed*