PETER A. FRASSE & CO., Inc., v. HARTFORD AUTOMOTIVE PARTS CO.

(District Court, D. Connecticut. June 23, 1924.)

No. 1547.

1. **Bills and notes ⊜⟹519—Liability of indorser and guarantor of notes not changed by extrinsic evidence.**

Extrinsic evidence *held* not to change the liability of defendant from what it purported to be as indorser and guarantor of notes of a third party.

2. **Bills and notes ⊜⟹255—Indorser is liable only for balance after application of collateral.**

Where notes are secured by collateral, the holder can require an indorser to pay only the balance due after the collateral has been applied.

3. **Corporations ⊜⟹565(2)—Holder of notes secured by bonds held not entitled to dividends on full amount of both notes and bonds.**

The fact that notes on which the corporation defendant in insolvency proceedings is indorser were also secured by a deposit of bonds of defendant as collateral does not entitle the holder to receive dividends on the full amount of both notes and bonds.

4. **Corporations ⊜⟹565(2)—Claimant entitled to payment of notes in full with interest.**

Where notes provable against the estate of a corporation in insolvency are secured by collateral also provable against the estate, if the dividends paid on the collateral are sufficient, claimant may receive payment of the notes in full, with interest to date of payment.

In Equity. Suit by Peter A. Frasse & Co., Inc., against the Hartford Automotive Parts Company. On exceptions by Davis, Bowen, and the Atlas Trust Company, claimants, to report of master. Sustained in part.

Arthur L. Shipman, of Hartford, Conn., for claimants.

Henry F. Parmelee, of New Haven, Conn., for creditors' committee.

Stewart N. Dunning, of Hartford, Conn., for receiver.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

THOMAS, District Judge. Exceptions have been filed by certain claimants to the report of the master appointed in this suit to hear and report on claims against the defendant.

Two claims are in question: One known as No. 10, filed in the name of James E. Davis, for the sum of $24,015.56, based on two promissory notes aggregating $25,000, on which the defendant was an indorser; and claim No. 17, filed in the name of Arthur L. Bowen, in the sum of $49,000, and based on certain 8 per cent. convertible gold notes issued by the defendant, and aggregating the face value of $49,000. These gold notes were unsecured obligations of the defendant. It clearly appears and is conceded that each of these claims was made on behalf of the Atlas Trust Company of Springfield, Mass., which discounted the two promissory notes and received the gold notes as collateral for the payment of the notes.

The facts out of which these claims arise are briefly as follows:

On January 17, 1921, the secretary and treasurer of the defendant and the treasurer of a company known as Hollister, White & Co. went to the office of the Atlas Trust Company in Springfield, Mass. Hollister, White & Co. was then, and had prior to that time been, engaged in business as a broker, and in that capacity had marketed certain stock and notes for the defendant. On the occasion mentioned, the treasurer of Hollister, White & Co. executed in the name of that company the two promissory notes above mentioned, aggregating $25,000, each bearing interest at the rate of 8 per cent., and each reciting that there had been deposited with the note, and as security for the payment thereof, one-year 8 per cent. convertible gold notes, and also reciting that the Atlas Trust Company should have the option of selling the collateral and deducting from the proceeds its expenses, "including all for legal services arising from or incidental to the sale, realization, compromise, or settlement, or collection of any collateral security, substitutions or additions, or any of said demands, including this note."

At the same time the secretary and treasurer of the defendant indorsed each of these notes in the name of the defendant. These indorsements were subscribed to a statement printed on the back of each of the notes, providing, inter alia, that the subscriber indorsed the note and unconditionally guaranteed the payment of it to the Atlas Trust Company. At the time these two notes were executed, indorsed, and delivered to the Atlas Trust Company, there were also delivered to it 8 per cent. convertible gold notes of the defendant, aggregating $50,000. Thereafter, and prior to this suit, one of the said convertible gold notes in the face amount of $1,000 was sold, and the proceeds credited against the notes. The gold notes thus delivered to the Atlas Trust Company as security were the property of Hollister, White & Co., and it is conceded that title to these gold notes thus deposited was in that company. No exception has been filed to the master's finding that title to these gold notes had passed to Hollister, White & Co. The Atlas Trust Company discounted the two promissory notes, and the proceeds of the discount were credited to the account of the defendant by the Atlas Trust Company, and were thereafter withdrawn by the defendant. Default was made in the payment of the two notes

at maturity, and the Atlas Trust Company then transferred the original notes to the claimant, Davis, one of its directors, and the 8 per cent. convertible gold bonds, aggregating a face value of $49,000, to the claimant, Bowen, a director and vice president of the trust company.

The master has found that a reasonable fee for the legal services rendered in connection with efforts to collect these notes is $1,500, and that disbursements of counsel amounted to $285.23, a total of $1,785.23. No exception. has been found to these items, and as to the amounts thereof they. are confirmed. The master has recommended that the claim on the two notes, known as claim No. 10, be allowed for the full amount of $24,015.56, with interest from April 17, 1921, to the date of the appointment of the receiver, with the allowance for counsel fees and expenses above mentioned. As to the claim known as No. 17, based on the face value of $49,000 of the 8 per cent. convertible gold notes of the defendant, the master has recommended that it be allowed in the sum of $49,000, with interest to April 26, 1921, but that the total amount of money paid by the receivers to the claimants, Davis and Bowen, on both claims, should not exceed the amount allowed and payable under claim No. 10.

[1] In determining the rights of the Atlas Trust Company against the defendant under these two claims, it is necessary to ascertain the nature of defendant's liability for them. It expressly appears from the two notes themselves that the defendant is an indorser and that it guaranteed the payment of the notes. The obligation thus created is the result of an express contract signed by the defendant appearing on the notes. There is not sufficient proof in the record to show that its obligation on these notes was other than that of an indorser and guarantor, even if proof to that effect was competent. Specht v. Howard et al., 16 Wall. 564, 21 L. Ed. 348; Forsythe v. Kimball, 91 U. S. 291, 23 L. Ed. 352; Brown v. Wiley et al., 61 U. S. 442, 15 L. Ed. 965; Brown v. Spofford, 95 U. S. 474, 24 L. Ed. 508. Assuming that the maker, Hollister, White & Co., signed the notes as an accommodation maker with the knowledge of the Atlas Trust Company, Hollister, White & Co. would, nevertheless, be primarily liable on the notes, and the defendant would be secondarily liable thereon. The fact that the collateral deposited with the notes was the property of the maker, and the further fact that the proceeds of the discount of the notes were credited to the defendant, do not change the defendant's liability from that of an indorser. The fact that the proceeds of the discount were credited to the defendant, is consistent with the assumption that they were thus disposed of in payment of an indebtedness by the maker of the notes to the defendant, and in this connection the special master has found that the $50,000 par value of the 8 per cent. convertible gold notes of the defendant deposited as collateral with the Atlas Trust Company had been delivered by the defendant to Hollister, White & Co., charged to the latter and unpaid. The defendant must therefore be considered as an indorser and guarantor of these two notes, and its liability enforced accordingly.

[2] As an indorser the defendant was not liable for the payment of these notes in the first instance, but was liable to pay them in the

event that the maker defaulted. The payee of the notes holds the makers security for the payment of them. Therefore, when the holder of these notes makes claim against the indorser of them in this suit, it would be inequitable to permit the holder to receive from the indorser's estate more than the balance of the claim remaining after the application to it of the sum realized from the maker's collateral. As to the claim based on the defendant's indorsement of the two notes, therefore, the holder of the notes is entitled to prove its claim for the full face amount of the two notes, with interest, counsel fees, and disbursements, but is entitled to receive dividends on that claim only until it has received full payment of that claim after the application of the security which it holds for the payment of the notes. Commercial & Savings Bank v. Robert H. Jenks Lumber Co. (D. C.) 194 Fed. 739. The fact that the defendant also expressly guaranteed the payment of these two notes does not require the application of any different rule under the circumstances of this case. Pennsylvania Steel Co. v. New York City Ry. Co., 198 Fed. 721, at page 751, 117 C. C. A. 503; Board of County Commissioners v. Hurley, 169 Fed. 92, 94 C. C. A. 362.

As to the collateral, consisting of 8 per cent. convertible bonds of the defendant, which the Atlas Trust Company holds as security for the payment of the notes, its claim based on these bonds would ordinarily be allowed against the defendant in full face value of the bonds. It appears, however, that the dividends in this matter will not exceed 50 per cent., and in that event there is no possibility of the Atlas Trust Company receiving dividends on the collateral which will aggregate more than the amount of the indebtedness on the two notes. However, the receiver of the defendant asserts a claim against Hollister, White & Co., to whom any surplus in dividends payable on the bonds in this matter would belong after the discharge of the two notes, assuming that there had been no change in the ownership of them. Claim has been made on behalf of a committee of creditors to the surplus, if any, remaining from the dividends payable on the $49,000 par value of the 8 per cent. convertible gold notes of the defendant above mentioned, apparently upon the assumption that such sum would be the property of Hollister, White & Co. This claim appears to be based upon an assignment of certain receivables made by the receiver under order of this court. It is doubtful whether or not there will be any such surplus, but, if there is, the rights of all parties are sufficiently protected by a direction that the receiver hold it pending the further order of court.

In the event, therefore, that the dividends paid in this matter exceed 50 per cent., and result in a sum payable on the $49,000 par value of the said bonds larger than the amount of the claim based on the two notes, the receiver is directed to withhold such excess and retain it, subject to the further order of court, so that the receiver may have opportunity, upon notice to all parties in interest, to take such action as he may be advised in connection with his claim against Hollister, White & Co.

[3] Counsel for claimant rely upon In re H. V. Keep Shirt Co. (D. C.) 200 Fed. 80, in support of his contention that the claimant is en-

titled to receive full dividends on both the claim based on the $49,000 par value of bonds and the claim based on the two notes, regardless of the amount of the actual indebtedness. The case cited does not apply to the situation presented by the case at bar. In the Keep Shirt Case, the two claims were against the maker, or principal debtor, while in the case at bar the claim on the two notes is against the defendant as an indorser. The fact that the gold notes securing payment of the indebtedness in question in this case were made by the defendant does not require the application to this case of the rule for which claimant's counsel contend. It is a coincidence that the security for the debt in the case at bar is itself a claim against the defendant. That circumstance facilitates the adjustment of the claims in question, but it does not change the nature of the defendant's liability on the two promissory notes which are the basis of the claim known as No. 10 and the basis of the indebtedness of defendant to the claimant.

[4] A further question is raised by the exceptions as to the date when interest on these claims should cease, and the master has applied the general rule relating to the unsecured claims against insolvent estates, that interest ceases on the appointment of a receiver. Samuels v. E. F. Drew & Co. (C. C. A.) 292 Fed. 734, at page 736. This is the general rule among unsecured claimants, when the estate under administration is insufficient to pay all claims in full. However, when a claimant holds security for the payment of his claim, such security may be exhausted in paying the claim in full, with interest at the rate provided in the contract to the time of payment; and the same rule as to full payment, with interest to the date of payment, applies where the estate is solvent and sufficient to make such payment to all the creditors. American Iron Co. v. Seaboard Air Line, 233 U. S. 261, 34 Sup. Ct. 502, 58 L. Ed. 949; Spring Coal Co. v. Keech, 239 Fed. 48, 152 C. C. A. 98, L. R. A. 1917D, 1152; Huff et al. v. Bidwell et al., 218 Fed. 6, 133 C. C. A. 646.

Therefore, under the facts in the case at bar, if the dividends payable on the $49,000 par value of convertible gold notes of the defendant held by the claimant as security for the payment of the two promissory notes are sufficient to pay the total amount due on the two promissory notes, with the interest thereon reserved down to the date of payment, with counsel fees and disbursements, the claimant will be entitled thereto in so far as the dividends on the gold notes are sufficient to make that payment. If, however, the dividends on these bonds are insufficient to pay that total sum, then the benefit of the security is exhausted, and the claimant can rely on its unsecured claim based on the two promissory notes only in such sum as may be necessary to secure to the claimant the principal sum of $24,015.56, with interest from April 7, 1921, to the date of the appointment of the receiver, plus $1,785.23, the fees and disbursements of counsel. The security may be relied upon to pay the principal and interest down to the date of payment, with counsel fees and disbursements; but, if it is insufficient, the unsecured part of the claim cannot be relied upon to pay more than the principal amount of the claim, with interest to the date of the appointment of the receiver, together with counsel fees and disbursements.

The respective claims are therefore disposed of as follows:

(1) The claim known as No. 17, filed in the name of Arthur L. Bowen, is allowed for the purpose of proof in the sum of $49,000, with interest at the rate of 8 per cent. per annum to the date of the appointment of the receiver in this case, and dividends shall be paid thereon up to, but not exceeding, the sum of $24,015.56, with interest at the rate of 8 per cent. from April 17, 1921, to the date of payment to the claimant, plus $1,785,23; and if the dividends declared in this matter on the said claim exceed that total sum, the excess of such dividends over that total sum shall be retained by the receiver, subject to the further order of this court, so that the receiver may have an opportunity, on notice to the parties in interest, to take such action as he may be advised.

(2) That the claim known as No. 10, filed in the name of James E. Davis, on the two promissory notes, shall be allowed for the purpose of proof in the full amount thereof, plus interest from April 17, 1921, to the date of the appointment of the receiver herein, plus $1,785.23, and out of the dividends payable on the claim as thus allowed there shall be paid to the claimant only so much, and not exceeding a sum, in addition to the sum payable under the preceding paragraph numbered 1, sufficient to pay to the claimant $24,015.56, plus interest from April 17, 1921, to the date of the appointment of the receiver herein.

Decree accordingly.