### J. J. LEWIS & SONS v. LADSON LUMBER CO.

(Circuit Court of Appeals, Fourth Circuit. September 29, 1924.)

No. 2208.

Evidence ⬤⟲441(11)—Parol evidence not admissible to add condition to unconditional trade acceptance.

Parol evidence of prior oral agreement *held* not admissible to add a condition to an unconditional trade acceptance, though parol evidence may be admitted to show that its delivery was conditional.

In Error to the District Court of the United States for the Western District of Virginia, at Roanoke; Henry Clay McDowell, Judge.

Action at law by the Ladson Lumber Company against J. J. Lewis & Sons. Judgment for plaintiff, and defendants bring error. Affirmed.

Robert W. Kime, of Salem, Va. (Kime & Kime, of Salem, Va., on the brief), for plaintiffs in error.

E. W. Poindexter, of Roanoke, Va., and L. L. Moore, of Moultrie, Ga. (Kline & Moore, of Moultrie, Ga., and Poindexter & Poindexter, of Roanoke, Va., on the brief), for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. The plaintiffs in error were defendants in the court below, and defendant in error was plaintiff. This action is in assumpsit to recover an indebtedness of $3,960.84, alleged to be due by defendants to plaintiff, with interest. The suit arose out of the following transactions:

The defendant in error, a corporation chartered and doing business in the state of Georgia, at Moultrie, was a wholesale lumber manufacturer. Plaintiffs in error were wholesale and retail lumber and building material dealers at Salem, Va. Morrell & McConnell, a copartnership doing business at Salem and Roanoke, Va., were building contractors, and as such secured a large portion of the lumber used by them from the defendant in error. Prior to the 10th of August, 1922, Morrell & McConnell were indebted to the defendant in error in the sum of $3,500 for lumber furnished, and about that time the plaintiffs in error took over the business and assets of Morrell & McConnell, including the lumber purchased by them from the defendant in error, and undertook to complete the contracts of Morrell & McConnell. Defendant in error thereupon applied to Morrell & McConnell and plaintiffs in error for the amount due them, to wit, $3,500, with the result that on the 10th of August, 1922, Morrell & McConnell gave the defendant in error an order on plaintiffs in error for $3,500, the same to be charged to their account. This order was accepted by plaintiffs in error for payment in 60 days. On the same day, to wit, August 10, 1922, a trade acceptance was drawn by the defendant in error on the plaintiffs in error, payable at the Farmers' National Bank, Salem, Va., on the 10th of October, 1922, for $3,150, being the amount of the said original order for $3,500, less 10 per cent. agreed to be paid by defendant in error to plaintiffs in error for accepting the same, together with interest at 8 per cent. from maturity, and costs of collecting the same, including 10 per cent. of principal and interest as attorney's fee. This trade acceptance for $3,150 was discounted by

defendant in error at the Moultrie Bank, of Moultrie, Ga.

Upon its maturity the same was not paid, and this suit was brought to recover the payment thereof, as well as for two other items, one of $237.25, and the other $553.15, aggregating the amount set forth in the declaration. Plaintiffs in error duly appeared and pleaded nonassumpsit, and offered a special plea, with a view of setting up a conditional acceptance of the trade acceptance, which was rejected by the court. Evidence was adduced upon the issue joined, and at the conclusion of plaintiff's testimony the defendants moved the court to instruct a verdict in their behalf as to the two items of the claims in suit other than the acceptance, which motion the court overruled, and thereupon, upon the conclusion of all the evidence, a verdict was rendered in favor of the defendant in error for $3,361, with interest at 6 per cent. per annum on $3,150, a part thereof, from the 10th of October, 1922, until paid. Upon this verdict judgment was rendered in favor of the defendant in error against the plaintiffs in error, to which action, as well as the rulings of the court during the trial on the pleadings, the admission and rejection of testimony, the court's charge, and the refusal to give instructions 'asked, exceptions were duly taken, which form the basis of the assignments of error relied on by plaintiffs in error.

Respecting the items of account between the parties other than the trade acceptance aforesaid, the court charged that upon the claim for $553.15 plaintiffs were limited to a recovery of $48.75, less such amount as offset as the jury might allow on account of the defendant's set-off of $90. The court likewise charged the jury as to plaintiff's right of recovery upon the remaining small item of $237.45, leaving to the jury the determination of what, if anything, should be allowed plaintiffs on that account.

As to the state of the account regarding these items, and what sum, if any, should be allowed thereon, the evidence was conflicting, and the determination of the same was properly left to the jury by the court. This leaves for consideration the action and ruling of the court regarding the $3,150 trade acceptance, which formed the substantial contention between the parties.

We have examined with care the charge of the court on the subject of this trade acceptance, and the instructions offered by the plaintiffs in error and rejected by the court, and from our view of the case it was clearly right in the action taken by it. The dispute between the parties arose as to whether or not the unconditional acceptance made of the order could, in the circumstances, be added to by the introduction of parol evidence of what occurred prior to the execution of the instrument, by adding conditions on which payment was to be made; that is, that Lewis & Sons were to be liable only upon their having received from Morrell & McConnell, on account of what they owed Lewis & Sons, sums sufficient to meet the trade acceptance. The District Court held, and we think correctly, that this could not be done, but nevertheless instructed the jury that, if the completed paper was conditionally delivered, that fact could be shown and availed of by the defendant as a defense. Payment of the trade acceptance upon its face was unconditional, and the court excluded properly testimony seeking to add to, alter, or change the written instrument, by prescribing conditions, contrary to the face thereof, upon which payment could be demanded. Testimony was submitted, seeking to establish the conditional delivery of the completed paper, which was duly submitted to the jury, who found in favor of the defendant in error, and of the validity of the paper. The evidence was ample to warrant this finding.

The principles properly controlling in this case, as well in respect to the inability to change or alter a written instrument by the introduction of parol evidence as of the right to show conditional delivery, if such existed, are well settled. The reason of the doctrine that denies the right to set up the defense sought to be interposed here, respecting the alleged condition on which the trade acceptance was to be paid, contrary to its express terms, and rejects testimony seeking to establish the same, is because to do so would result in varying the terms of the written instrument, by so changing and adding thereto as to entirely alter and destroy the binding obligation entered into between the parties. Nothing seems to be better settled under the authorities than that this cannot be done; that is, parol evidence cannot be admitted to alter a written paper by engrafting thereon a condition which would change its meaning and legal effect. Here the trade acceptance was given unconditionally by the acceptor for full consideration, payable 60 days from date, at a prescribed bank, with knowledge that the acceptance was delivered to the defendant in error with the intent that it should then and there have its initial legal existence, and be at

once available for use in the marts of trade, and it was so received and used. What is attempted to be shown by parol? That the condition on which this acceptance was given was that the plaintiffs in error should be liable to pay the same only from moneys to be collected by them on account of Morrell and McConnell, with whom they were at the time engaged in large business transactions. It is entirely contrary to the express and specific undertaking entered into between the parties, plainly and unambiguously expressed, and would in effect destroy the same by substituting in lieu of its positive and unqualified provisions and promises something that would be wholly indefinite and uncertain, and in the end most likely prove utterly worthless.

In Brown v. Spofford, 95 U. S. 474, 480, 482 (24 L. Ed. 508), the Supreme Court had under consideration the precise question involved and determined the essential issues here. In speaking for the court, at page 480, Mr. Justice Clifford said:

"Where a bill of exchange was drawn in the usual form, and was protested for nonpayment, the court held 20 years ago that parol evidence of an understanding between the drawer and the party in whose favor the bill was drawn was inadmissible to vary the terms of the instrument. Brown v. Wiley, 20 How. 442. In that case the defendant offered to prove to the jury, pursuant to the defense set up in a special plea, a parol agreement between him and the plaintiffs, that the bill should not be presented for acceptance until funds were furnished and placed in the hands of the drawees, to provide for a certain other draft, who had agreed to accept the second bill when funds were received to meet their liability for accepting the first bill; but the court below excluded the evidence, and the defendant excepted, and this court decided that the ruling was correct, and affirmed the judgment, holding that the evidence offered, that the bill should not be presented until a distant, uncertain or undefined period, tended in a very material degree to alter and vary the operation and effect of the instrument. Shankland v. Washington, 5 Pet. 394; 1 Greenl. Evid. (12th Ed.) 318; Stackpole v. Arnold, 11 Mass. 27; Hunt v. Adams, 7 Mass. 518; Myrick v. Dame, 9 Cush. (Mass.) 248; Thompson v. Ketchum, 8 Johns. 192."

And at page 482 the court further said:

"Parol evidence of an agreement, made contemporaneously with a promissory note which contains an absolute promise to pay at a specified time, is not admissible in order to extend the time for payment, or to provide for the payment out of any particular fund, or in any other way than that specified in the instrument, or to make the payment depend upon condition. Chitty, Contr. (10th Ed.) 99; Abrey v. Crux, Law Rep. 5 C. P. 41; Allan v. Furbish, 4 Gray, 514; 2 Pars. Bills and Notes 501." Bank v. Dunn, 6 Pet. 51, 8 L. Ed. 316; Specht v. Howard, 16 Wall. 562, 564, 21 L. Ed. 348; Forsyth v. Kimball, 91 U. S. 293, 23 L. Ed. 352; 22 C. J. § 1540, pp. 1148, 1151, and section 1663, pp. 1248 to 1253, inclusive.

Counsel for plaintiffs in error cite two cases in the Supreme Court, Ware v. Allen, 128 U. S. 590, 9 Sup. Ct. 174, 32 L. Ed. 563, and Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698, and insist that under these decisions, and the doctrine enunciated therein, they are entitled to the relief sought here. We have given much consideration to the contention made, but are unable to concur in it, as the same is clearly distinguishable from that controlling in this, and hence those cases have no particular bearing under the facts here. They turn upon the insufficient and incomplete delivery of the paper or undertaking then under consideration. The rule controlling in such instances is entirely unlike that having to do with a paper complete within itself, and issued and delivered unconditionally. One relates to an incomplete transaction by reason of the failure to do something, or the doing of an act which operates to make the transaction inconclusive and unsettled between the parties, and is an infirmity inherent in the making thereof. The case here made is plain, unambiguous, and a concluded transaction; and the question involved is how far such a certain, positive, completed compact may be the subject of attack by parol testimony. The two cases recognize clearly this distinction, and that, even with a paper apparently complete on its face, as between the parties its conditional delivery may be shown as tending to establish the fact that it never became legally effective.

In Ware v. Allen, supra, 128 U. S. 590, 9 Sup. Ct. 174, 32 L. Ed. 563, Mr. Justice Miller said:

"We are of opinion that this evidence shows that the contract upon which this suit is brought never went into effect, that the condition upon which it was to become operative never occurred, and that it is not a question of contradicting or varying a written instrument by parol testimony, but that it is one of that class of cases, well recognized in the law, by which an instrument,

whether delivered to a third person as an escrow or to the obligee in it, is made to depend, as to its going into operation, upon events to occur or be ascertained thereafter."

In Burke v. Dulaney, supra, 153 U. S. 233, 14 Sup. Ct. 818, 38 L. Ed. 698, Mr. Justice Harlan said:

"The issue here is between the original parties to the note. And the evidence offered by the appellant, and excluded by the court, did not in any true sense contradict the terms of the writing in suit, nor vary their legal import, but tended to show that the written instrument was never, in fact, delivered as a present contract, unconditionally binding upon the obligor according to its terms from the time of such delivery, but was left in the hands of Dulaney, to become an absolute obligation of the maker in the event of his electing, upon examination or investigation, to take the stipulated interest in the property in question."

In Pym v. Campbell, Court of Queen's Bench, 6 Ell. & Bl. 370, 373, cited by Mr. Justice Miller approvingly in Ware v. Allen, supra, 128 U. S. 590, 9 Sup. Ct. 174, 32 L. Ed. 563, Erle, J., succinctly gives the reason for the distinction, viz.:

"The point made is that this is a written agreement, absolute on the face of it, and that evidence was admitted to show that it was conditional, and, if that had been so, it would have been wrong. But I am of opinion that the evidence showed that in fact there was never any agreement at all. * * * If it be proved that in fact the paper was signed with the express intention that it should not be an agreement, the other party cannot fix it as an agreement upon those signing. The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible.'"

In this case the question of conditional delivery was left by the court to the jury, which found, and we think properly, in favor of the defendant in error, thereby establishing the delivery of the unconditional acceptance as a binding and valid undertaking between the parties.

Counsel for plaintiffs in error cite authorities to show that in Virginia the doctrine is as contended for respecting the right to assail the acceptance in question, naming Whitaker & Fowle v. Lane, 104 S. E. 252, 128 Va. 317, 344, 347, 11 A. L. R. 1157, decided in 1920, as the latest. A careful examination of the able and exhaustive opinion of Judge Burks in this recent case, at page 262

of 104 S. E., and pages 344 and 347 of 128 Va., supra, with the authorities there cited, will clearly show that the plaintiffs in error are entirely wrong in their interpretation of the Virginia authorities, and that the same in all respects sustain the views herein expressed, giving full recognition to the doctrine enunciated in the two federal cases of Ware v. Allen and Burke v. Dulaney, supra, so much relied on by plaintiffs in error.

The decision of the District Court will be affirmed.