NATHAN YUDELBAUM, Doing Business as SUPERIOR PARTITION WORKS, Plaintiff, *v.* WILLIAM H. CHOROSH and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Fifth District, May 7, 1931.

*Morrison & Schiff*, for the plaintiff.

*Morton C. Steinberg*, for the defendants.

DAVID C. LEWIS, J. Suit is brought by the plaintiff, an alleged holder in due course of a promissory note in the sum of $500, made by the defendant Saraton Realty Corporation and indorsed by the remaining individual codefendants. The Saraton Realty Corporation was the owner of certain real property. The Klarson Realty Corporation was a holder of a mortgage covering this real estate.

By a written agreement dated May 22, 1930, the said Klarson Realty Corporation, as mortgagee, and the said Saraton Realty Corporation, as the owner, duly extended the said mortgage. This extension agreement contained appropriate specific provisions that the whole of the principal sum shall become due after default in the payment of any installment. Subsequently a default was suffered and foreclosure proceedings ensued.

As a consideration for the said extension agreement, a series of promissory notes were given — of which the note here presented constitutes the last and only one unpaid.

In the said foreclosure action, the defendant Saraton Realty Corporation interposed the same defense now set up by these defendants, and, upon motion of the plaintiff in that action, the answer was stricken out as insufficient in law.

That defense here interposed (aside from the denials) consists of the claim that the notes were given as a consideration paid by the defendant Saraton Realty Corporation for the said extension of mortgage, with the understanding and upon the condition that the mortgage was to continue for the entire extended period, and that because of the foreclosure proceedings instituted before the expiration of that term, there has been a failure of consideration.

In its answer the defendant alleges that the notes were delivered in *payment* of the bonus given for the extension of the mortgage. It is plainly apparent that there was an unconditional delivery of the note; that it had come into a valid existence.

To sustain the defense, one would have to read into the extension agreement terms and conditions in contradiction of its express provisions; and likewise by parol turn an unconditional promise to pay into a promise dependent upon performance of conditions subsequent.

Assuming the allegations of the defendants to be assertions of fact, all that could be gainsaid would be that certain conditions subsequent attached to the delivery of the note.

" The delivery was not conditional but was complete and effective. The refusal of the plaintiff to abide by the contemporaneous oral agreement as to the discharge of defendant's liability was the breach of a condition subsequent which could not be established as a defense." (*Ruppert* v. *Singhi*, 243 N. Y. 156, at p. 160.)

" It is obvious, therefore, that there is a radical distinction between a conditional delivery, which is not to become complete and effective until the happening of some condition precedent, and a complete delivery, like the one at bar, which is sought to be defeated by subsequent contingencies that may or may not arise. In the one case there is no contract until the condition has been complied with; in the other there is a binding contract, notwithstanding the happening of the contingency relied upon to defeat it. For the foregoing reasons the cases of *Seymour* v. *Cowing* (1 Keyes, 532); *Reynolds* v. *Robinson* (110 N. Y. 654); *Blewitt* v. *Boorum* (142 N. Y. 357); *Higgins* v. *Ridgway* (153 N. Y. 130), and kindred cases, holding that conditions limiting and circumscribing the delivery of written instruments may be shown by parol, are not applicable to the case at bar.

" This case seems to fall directly within the principle ' that parol evidence of an oral agreement made at the time of the drawing, making or indorsing of a bill or note, cannot be permitted to vary, qualify or contradict, to add or to subtract from the absolute terms of the written contract. (*Specht* v. *Howard*, 16 Wall. 564; *Forsyth* v. *Kimball*, 91 U. S. 291; *Brown* v. *Wiley*, 61 U. S. 442; *Brown* v. *Spafford*, 95 U. S. 474; *Read* v. *Bank of Attica*, 124 N. Y. 671.) '' (*Jamestown Business College Association* v. *Allen*, 172 N. Y. 291.)

" The notes were delivered, not conditionally, but as presently operative contracts, with the understanding that the payee was at liberty to use them   *   *   *.

" In these cases, and others like them, paper had been given in consideration of a promise to do something in the future. Until the promise was broken, a defense did not exist. The purchaser was not affected by equities that might never come into being." (*Title Guarantee & Trust Co.* v. *Pam*, 232 N. Y. 441, at pp. 450 and 457.)

Motion for judgment granted. Five days' stay after service of copy of judgment and notice of entry.